NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1315
_____

JOSE LUGO CRUZ,

Appellant
v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 5-09-cv-01540)
District Judge: Hon. Jan E. Dubois

Submitted pursuant to Third Circuit LAR 34.1(a)
Tuesday, May 24, 2011

Before: McKEE, *Chief Judge*, SCIRICA and RENDELL, *Circuit Judges*

(Opinion filed:  July 15, 2011)

_____

OPINION
_____

McKEE, *Chief Judge*.

        Jose Lugo Cruz appeals the district court's order denying, in part, his motion for

attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  For the

reasons set forth below, we will affirm.

I.

Because we write primarily for the parties, we will recite only the facts and procedural history that are necessary for the disposition of this appeal. The only issue before us is the reasonableness of the attorney fees that were awarded pursuant to 42 U.S.C. § 405(g).

II.

We review the reasonableness of a district court's award of attorney's fees for abuse of discretion. *Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990). However, we afford *de novo* review to determining whether the district court applied the proper standards and procedures in awarding the attorney fees. *Id.*

Cruz's attorney argues that the fee award should have been paid directly to him. The argument is meritless as the Supreme Court has explicitly held that EAJA fees are directly payable only to litigants and not their attorneys. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2529 (2010). Alternatively, Cruz's attorney argues that Cruz assigned the fees to him and therefore counsel is entitled to their direct payment. However, the record contains no evidence that Cruz transferred his right to the EAJA fees to his attorney. Because there was no valid assignment of fees, the district court properly paid the EAJA fees directly to Cruz.

Cruz also argues that the district court improperly used the national CPI-ALL index, rather than the Northeast Urban localized CPI-ALL index to calculate the hourly

rate based upon increases in the cost of living.[1]  Thus he contends that his award was

wrongly calculated at the hourly rate of $173.68, rather than the hourly rate of $186.00.

This claim rests almost exclusively on our decision in *Dewalt v. Sullivan*, 963 F.2d 27 (3d

Cir. 1992).  There, we approved of the use of the CPI-ALL index to calculate attorney's

fees and upheld the district court's use of the CPI-ALL index for Southern New Jersey.

963 F.2d at 28, 30.  However, there we never decided whether it would have been

inappropriate to use the national CPI-ALL index rather than the CPI-ALL index for

Southern New Jersey, and Cruz has not identified a single case that supports his position.

We therefore reject his unsupported assertion that the district court erred in applying the

national CPI-ALL index to calculate his attorney's hourly rate.

Lastly, Cruz alleges that the district court abused its discretion when it granted

reimbursement for 41.85 hours billed rather than the requested 64.2 hours.  Cruz alleges

---

[1]     Cruz argues that the Commissioner waived any objection to the hourly rate because this objection was not made until the sur-reply, and waived any objection to the direct payment of fees to Cruz's attorney because this objection was not fully developed until the sur-reply.

A district court may not *sua sponte* reduce a fee award.  *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 719 (3d Cir. 1989).  There are two justifications for prohibiting *sua sponte* fee award reductions: "[F]irst, that *sua sponte* reduction of a fee request deprives the fee applicant of her entitlement . . . to offer evidence in support of the reasonableness of the request.  And second, because statutory fee litigation is adversarial litigation, there is no need to allow the district court to reduce a fee award on its own initiative."  *Id.* (citations omitted) (internal quotation marks omitted).  These "two justifications for disallowing *sua sponte* fee reductions . . . mandate only that a judge not decrease a fee award based on factors not raised at all by the adverse party."  *Id.* at 720.

Here, the Commissioner clearly and sufficiently raised both objections in the sur-reply and Cruz had adequate opportunity to respond to these objections during the district court's telephone hearing on Cruz's fee petition.  The Commissioner was not required to raise these objections in his initial opposition to the fee petition, especially given that they were made prior to Cruz's filing of a supplemental fee petition.  Thus, we conclude that the Commissioner did not waive either of these objections.

that the district court unreasonably disallowed 1.95 hours that Cruz's attorney spent conferring with Cruz's trial counsel because those hours were spent keeping Cruz informed of the progress of the appeal and discussing litigation strategy with Cruz. However, the billing entries demonstrate that these conversations did not involve Cruz; thus it was reasonable for the district court to disallow that time.

Cruz also alleges that the district court abused its discretion when it allowed reimbursement for only 9.2 hours out of the 29.6 hours that Cruz's attorney spent responding to the Commissioner's opposition to Cruz's fee petition. The district court determined that Cruz's attorney's expenditure of 29.6 hours on a reply brief was unreasonable since the Commissioner had only objected to 10.5 of the hours billed in the fee petition, and Cruz's attorney had spent only 34.6 hours on the entire case prior to the reply brief. According to Cruz, the district court impermissibly based its reimbursement on the ground that the time spent on the reply was disproportionate to the time spent on the merits and the hours in dispute. However, "[a] trial court should be free to view a case in this pragmatic manner," and therefore, may consider "the need to impose some degree of proportionality between the fees for the underlying merits litigation and fees for fee litigation." *United States v. Eleven Vehicles*, 200 F.3d 203, 213 (3d Cir. 2000). Thus, the district court did not abuse its discretion in concluding that it was unreasonable for Cruz's attorney to expend any more time than 9.2 hours on the reply brief.

### III.

Accordingly, we will affirm the district court's order denying, in part, Cruz's motion for attorney's fees.

4